IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**YU HIN CHAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:25-CV-228-DMB-JMV**

**RE/MAX, KEVIN C. MCCLANAHAN,**
**KAREN MAY BACDAYAN, SHANTONU BASU,**
**CARMEN A. PACHECO, and DAWN HILL-KEARSE** **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the court for a report and recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to comply with a court order, and under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim and frivolity as discussed more fully below.

On August 11, 2025, Plaintiff filed the Complaint in this matter. The Complaint reads in its entirety:

1. The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner Raymond Chan claimed in his sworn affidavit,
2. Defendant Re/Max, Kevin C. McClanahan, Karen May Bacdayan, Carmen A. Pacheco, Dawn Hill-Kearse, and Sahantonu Basu conspired together in forging the record that Plaintiff filed an Answer to a Court case but truth being Plaintiff never did,
3. This Court has jurisdiction under the RICO Act.

Prayer for Relief
Plaintiff demands $1 Billion against all Defendants.

Verification
The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and

correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

[Doc. 1] at 1-2.

On August 19, 2025, the undersigned entered an Order to Show Cause, outlining the elements of a RICO claim, directing Plaintiff to provide a factual basis for his complaint within 14 days of the date of the order, and warning that failure to do so would result in the undersigned recommending this matter be dismissed for frivolity and failure to state a claim. [Doc. 4]. As of the date of this report, Plaintiff has not responded to the Court's order. Accordingly, the undersigned recommends that this action be dismissed 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim and frivolity as Plaintiff has failed to allege any facts in support of any element of a RICO claim and on the basis of Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

The Plaintiff is referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The Plaintiff is warned any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted on this the 12th day of September, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**